UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                    1:05-CR-00236
                                                                         (LEK)

JOSE RIGOBERTO AMAYA-BENITEZ,
*a.k.a.* SAUL AMBROCIO PENA-ESCOBAR,
*a.k.a.* JOSE R. BENITES,

                       Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. Background

Defendant Jose Rigoberto Amaya-Benitez (also known as Saul Ambrocio Pena-Escobar) submitted a letter to this Court, dated March 13, 2006, and filed March 23, 2006 (Dkt. No. 25), requesting that the Court order the Bureau of Prisons and F.C.I. Otisville to change Defendant's name in their records to reflect his real name as Saul Ambrocio Pena-Escobar.  Defendant informed the Court that he had previously attempted to address this matter with the Assistant United States Attorney ("AUSA"), but Defendant claims that the AUSA did not respond.  Letter Request (Dkt. No. 25).

Defendant has stated that he is having difficulties receiving money from family, and in having his wife and family in Canada receive telephone calls from Defendant, because Defendant's name in his prison records is listed as his alias, and not his real name.  See Letter Request (Dkt. No. 25).

On March 28, 2006, this Court ordered the parties to brief their positions on this issue. Order (Dkt. No. 26).  The parties were given thirty (30) days from the date of the filing of that Order

to file their briefs. Only the Government has so filed.

Upon review of the record and the submissions of the parties, Defendant's request is denied.

## II. Discussion

### A. Procedural Issue - Defendant's Representation by Counsel

To begin, this Court notes, following review of the Docket, that Defendant is represented by counsel - Theresa M. Suozzi, Esq. Once a party has retained counsel or has counsel appointed, they are no longer acting *pro se*. Several trial and appellate courts have refused to accept *pro se* submissions once an attorney has been retained or assigned. See Davidson v. Scully, No. 83 Civ. 2025 (MJL), 1995 WL 104020, at *9 (S.D.N.Y. Mar. 8, 1995); Bennett v. United States, No. 03 Civ. 1852(SAS), 97 CR 639(SAS), 2004 WL 2711064, at *8 (S.D.N.Y. Nov. 23, 2004) ("Bennett has submitted numerous *pro se* motions and letters although he is represented by counsel in the instant matter.... To alleviate further improper filings, multiple submissions and the resulting confusion, I direct Bennett to file all future papers through his attorney.... The Court will no longer accept Bennett's *pro se* submissions."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("Tracy contends that the district court erred in refusing to consider several *pro se* motions which were unsigned and which were filed... when Tracy was represented by counsel. *A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.* The district court did not abuse its discretion in refusing to consider Tracy's unsigned, *pro se* motions.") (emphasis added).

But, some courts have, under certain circumstances, permitted a represented party to file *pro se* submissions. See United States v. Cherry, No. S1 94 CR. 313(CSH), 1997 WL 543089, at *3

(S.D.N.Y. Sept. 3, 1997) ("I accepted Cherry's plea.... At a subsequent conference, I permitted Cherry to supplement the filings of his attorney with his own *pro se* submissions"; but Court denied withdrawal of plea).

Given that Defendant's request in his letter of March 2006 (Dkt. No. 25) is not of such magnitude as to be considered a full motion, the Court will accept and review Defendant's letter request concerning the issue of Defendant's name in prison records. However, the Court recommends that all future requests, motions, and other filings on behalf of Defendant be made through counsel, or they may be dismissed without consideration until filed through counsel.

### B.  *The Issue of Defendant's Name*

The Court has reviewed the letter request by Defendant, and the response and exhibits filed by the Government. Defendant has stated that Jose Rigoberto Amaya-Benitez is an alias, and that his real name is Saul Ambrocio Pena-Escobar. See Letter Request (Dkt. No. 25). However, according to the Government, and according to, *inter alia*, the Presentence Investigation Report, Defendant's passport from the Republic of El Salvador, the Department of Justice's Warrant of Deportation, court documents from the United States District Court for the District of Columbia, and Defendant's own paperwork from an application made to the Department of Justice Immigration and Naturalization Service ("INS") for temporary residence, Defendant's real name has always been represented to be Jose Rigoberto Amaya-Benitez. See Govt. Resp. and Exhs. (Dkt. No. 31, Attachs. 1-10). In fact, on the INS application, Defendant listed family members (brothers and a sister), and their surnames were given as "Amaya." See Govt. Exhs. (Dkt. No. 31, Attach. 7) at 2. Saul Ambrocio Pena-Escobar appears to be Defendant's *true alias* from all of the submitted

3

documentation.

According to the Government, Defendant began using the name Saul Ambrocio Pena-Escobar when applying for status in Canada. See Govt. Resp. (Dkt. No. 31, Attach. 1) at 3-4. However, the Government reports that Defendant did not mention in those Canadian documents that Jose Rigoberto Amaya-Benitez was another identity of his. Id.

The Court does not necessarily agree with the Government that Defendant has nefarious ulterior motives for requesting this Court's order for a name change in his records. However, from a review of the Docket the Court finds no evidence that Defendant's name is actually Saul Ambrocio Pena-Escobar, and not Jose Rigoberto Amaya-Benitez - other than Defendant now claiming such, despite many years of documentary evidence to the contrary.

Therefore, the Court denies Defendant's request for this Court to order a name change in Defendant's Bureau of Prisons and F.C.I. Otisville records. The Court will likewise refrain from ordering any such name change in the caption or relevant documents in this Court. Should Defendant still wish for his name to be something other than Jose Rigoberto Amaya-Benitez, he should pursue an official name change under the relevant law.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's request for an order directing the Bureau of Prisons and F.C.I. Otisville to change his name in their records to reflect his real name as Saul Ambrocio Pena-Escobar (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    May 08, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge